**Gary E. SIMON, Appellant,**

v.

**ST. LOUIS COUNTY, MISSOURI, a Political Subdivision of the State of Missouri, Colonel G.H. Kleinknecht, Superintendent of the St. Louis County Police Department, an Agency of St. Louis County, Missouri, both individually and in his official capacity, Appellees.**

No. 83–1611.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1984.

Decided June 5, 1984.

person is under a duty to the person injured    to make.

Francis L. Ruppert, Terrance L. Farris, Clayton, Mo., for appellant.

Thomas W. Wehrle, St. Louis County Counselor, Andrew J. Minardi, Associate County Counselor, Clayton, Mo., for appellees.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Gary E. Simon, a former officer in the St. Louis County Police Department, appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri dismissing his action for reinstatement brought under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Supp. III 1979). For reversal appellant argues that the district court, upon remand from this court, erred in (1) finding that the police department's requirements that officers be able to effect a forceful arrest and be able to transfer among all positions were legitimate, necessary and uniformly applied, and (2) permitting an expert witness to testify as to legal conclusions. For the reasons discussed below, we affirm the judgment of the district court.

This case is before us on appeal for the second time. In 1977 appellant, who is a paraplegic as the result of a gunshot wound sustained in 1971 in the line of duty, initiated this action against the St. Louis County Police Department for reinstatement as a commissioned officer. The district court found that appellant was not an "otherwise qualified handicapped individual" protected by § 504 because he could not satisfy two police department requirements for commissioned officers—that they be able to effect a forceful arrest and that they be able to transfer among all positions within the department. *Simon v. St. Louis County,* 497 F.Supp. 141 (E.D.Mo.1980) (*Simon I*).

On appeal this court reversed the district court's § 504 holding and remanded the case for further consideration, with the following directions:

On remand, the district court should consider whether the requirements for police officers of St. Louis County, as testified to at trial by Colonel Kleinknecht, are reasonable, legitimate, and necessary requirements for all positions within the department. The district court should determine whether the ability to make a forceful arrest and the ability to perform all of the duties of all of the positions within the department are in fact uniformly required of all officers. If not uniformly required, they should not be considered actual requirements for all positions. Also, consideration should be given to Simon's actual physical condition in combination with Simon's police experience, and further determinations made as to exactly what functions within the department he has the physical abilities to perform. Finally, the court should determine whether the accommodations necessary in order to employ Simon as a commissioned police officer are unreasonable.

*Simon v. St. Louis County,* 656 F.2d 316, 321 (8th Cir.1981) (*Simon II*), cert. denied, 455 U.S. 976, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982).[2]

---

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

2. The district court also dismissed appellant's constitutional claim and claim under § 503 of the Rehabilitation Act, 29 U.S.C. § 793 (1976 & Supp. III 1979). This court affirmed those portions of the judgment. *Simon v. St. Louis Coun-*

At the second bench trial, appellant produced evidence that (1) "Rank and Assignment" positions, which are civilian positions that commissioned officers may hold without losing benefits acquired while commissioned, do not require transferability or the ability to make a forceful arrest; (2) in two particular instances county police officers with physical impairments retained their commissions; (3) there are positions in the St. Louis County Police Department in which forceful arrests were not likely to be made by the commissioned officers filling them; (4) the transfer policy was not applied to approximately four percent of the commissioned officers; and (5) other police departments, allegedly comparable to St. Louis County's, had physically impaired individuals who could not make a forceful arrest serving as commissioned officers.

The police department produced evidence of the average number of transfers for officers according to their seniority, as well as expert testimony that the forceful arrest and transfer requirements were nationwide standards, reasonable and necessary to guarantee efficient police work.

The district court found that the forceful arrest requirement was uniformly applied to active commissioned officers and that the Rank and Assignment position qualifications and the two instances of retaining physically impaired officers did not negate this finding.[3] *Simon v. St. Louis County,* 563 F.Supp. 76, 78 (E.D.Mo.1983) (*Simon III* ). The district court also found that the policy of transferring officers among positions was uniformly applied. The district court did not believe that appellant's evidence of alleged nonapplication to less than four percent of the 554 commissioned officers on the force mandated a contrary finding. *Id.* at 78.

Finally, the district court found that the two challenged physical requirements were nationwide standards for active commis-

sioned police officers and were reasonable, legitimate and necessary to guarantee effective police work and that the department's refusal to modify these requirements to accommodate appellant was not unreasonable. Thus, even though the district court found that it was unlikely that officers in certain positions would have to effect a forceful arrest and that appellant could physically perform the tasks specific to four such positions, it nevertheless concluded that given the forceful arrest and transfer requirements for all positions, appellant was not "otherwise qualified" within the meaning of the Rehabilitation Act and dismissed the action. *Id.* at 80–81.

■ Appellant's first argument on appeal is that the district court erred in finding that appellant was not a handicapped person otherwise qualified to serve as a commissioned officer with the St. Louis County Police Department. In *Southeastern Community College v. Davis,* 442 U.S. 397, 405–07, 99 S.Ct. 2361, 2366–67, 60 L.Ed.2d 980 (1979), the Supreme Court interpreted § 504 as protecting persons who are qualified in spite of, rather than except for, their handicap. A handicapped person may be required to meet legitimate physical qualifications essential to the job. *Id.* In *Simon II* this court held that *Southeastern Community College* must be read to focus attention on whether job requirements set forth by an employer are in fact necessary and legitimate to the job. 656 F.2d at 320–21. We reaffirm our commitment to this principle. An employer subject to § 504 who denies an individual employment because of a handicap must show that the criteria used are job related and that the applicant could not efficiently perform the essentials of the job. *See, e.g., Treadwell v. Alexander,* 707 F.2d 473, 475 (11th Cir.1983) (employer bears the burden of persuasion to show legitimacy and necessity of requirements); *Strathie v. Dept.*

---

*ty,* 656 F.2d 316, 319, 322–23 (8th Cir.1981), *cert. denied,* 455 U.S. 976, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982).

**3.** The district court found that the Rank and Assignment positions are civilian jobs for which

commissioned officers may apply. Appellant does not challenge this finding nor did he seek such a position at any time relevant to this appeal.

*of Transportation,* 716 F.2d 227 (3d Cir. 1983).

 Nevertheless, after carefully reviewing the record here we cannot say that the district court's findings that the forceful arrest and transfer requirements were in fact necessary to the job and uniformly applied were clearly erroneous. The district court dutifully followed the dictates of this court's mandate and based its findings on adequate evidentiary support. It is not our function to reevaluate the evidence and to substitute our judgment for the district court's.

 Appellant also argues that the district court erred in allowing three police department expert witnesses to testify on the reasonableness, necessity and legitimacy of the two challenged department policies. Appellant argues that these were legal conclusions which had to be addressed solely by the court. We find this contention to be without merit. *See* Fed.R. Evid. 704.

Accordingly, we affirm the judgment of the district court.